89 F.3d 844
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
AARDVARK PARTNERSHIP, Plaintiff-Appellee,
v.
John W. DISTERDICK, et al., Defendants,
v.
Charles E. BRINK, Cross-Claim-Respondent-Appellant.
 No. 95-55296.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 4, 1996.*
Decided June 24, 1996.
 
 Before: FARRIS, FERNANDEZ, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Brink appeals an order of the district court holding him in contempt for misappropriating funds held in the T & FP Litigation Fund, a trust created by the Disterdick settlement agreement. Brink contends that the district court lacked jurisdiction to hold him in contempt, and that even if it had jurisdiction, it misinterpreted the Disterdick settlement agreement.
 
 
 3
 In Kokkonen v. Guardian Life Ins. Co. of America, the Supreme Court explained that because "[f]ederal courts are courts of limited jurisdiction," an action is presumed to "lie[ ] outside this limited jurisdiction." 114 S.Ct. 1673, 1675 (1994). Although the district court retains jurisdiction to enforce a settlement agreement if the settlement agreement "had been made part of the order of dismissal," id. at 1677, "[t]he judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." Id.; Hagestad, 49 F.3d at 1433 (expression of intent to enforce settlement agreement deemed insufficient).
 
 
 4
 If the district court does not incorporate the settlement agreement in its dismissal order, it cannot hear the "cause" seeking enforcement of the settlement agreement without an "independent basis" of jurisdiction. Kokkonen, 114 S.Ct. at 1677. "Ancillary jurisdiction" may provide an independent basis to hear the cause, but it exists only "to permit disposition by a single court ... of claims that are ... factually interdependent," 114 S.Ct. at 1676, or "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." Id. (noting "contempt power to maintain order during proceedings"); see also Peacock v. Thomas, 116 S.Ct. 862, 867 (1996) ("[a]ncillary jurisdiction may extend to claims having a factual and logical dependence on 'the primary lawsuit.' "). There was no ancillary jurisdiction in Kokkonen. The district court's order was in no way "flouted or imperiled" by the alleged breach of the settlement agreement. 114 S.Ct. at 1677 ("It must be emphasized" that defendant does not seek to "reopen[ ] ... the dismissed suit by reason of breach of the [settlement] agreement").
 
 
 5
 Brink argues that Kokkonen is controlling because the district court failed to incorporate the Disterdick settlement agreement in its dismissal orders. We reject Brink's argument and hold that the district court had ancillary jurisdiction. The Disterdick settlement agreement not only set forth the conditions governing the release of the settled claims, but also, in establishing the trusts, created the mechanism for controlling the litigation of the pending claims against the remaining defendants. Although Brink's noncompliance with the Disterdick settlement agreement did not "flout or imperil" the district court's dismissal order, Brink's noncompliance did hinder the district court's ability to "manage its proceedings" involving the remaining defendants. Brink refused to complete the settlement agreement with Weller, presumably to delay the accounting that termination of the Aardvark litigation would trigger. This forced the district court to appoint a special master to oversee negotiations. Also, Brink tried to fire the law firm representing the partnerships after the other trustees ordered the law firm to pursue an accounting, prompting the law firm to file a motion to be relieved as counsel. The district court did not have to suffer these complications and delays; it had ancillary jurisdiction to compel Brink's compliance with the Disterdick settlement agreement. It follows that the district court also retained jurisdiction over the proceeds of the Karroll settlement agreement, which were added to and administered with the proceeds of the Disterdick settlement agreement.
 
 
 6
 Brink also contends that even if the district court had jurisdiction, it erred in holding that the Disterdick settlement agreement did not permit Brink to use the trust funds to help the partnerships prosecute their tax cases. Brink relies primarily on Paragraphs 2.28 and 3.2.4. We reject the argument, and find that the district court's interpretation is the more persuasive. But even if Brink's interpretation were correct, he would still lose. The district court based the contempt order on the grounds that Brink failed to get authorization for the expenditures from the other trustees. Brink has not contested this finding or suggested that the Disterdick settlement agreement permitted him to make expenditures without the approval of at least one other trustee. The district court did not err in finding that Brink misappropriated funds.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3